IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Emory Alvin Michau, Jr., | C/A 2:11-0286-RMG-BM |
| Plaintiff, | |
| v. | |
| Joan W. Warden, Paralegal, 9th Circuit Solicitor's Office; R. Westmoreland Clarkson, Asst. Attorney General, Office of the Attorney General; Deborah R. J. Shupe, Asst Attorney General, Office of the Attorney General; John W. McIntosh, Asst. Attorney General, Office of the Attorney General; J. Al Cannon, Sheriff, Charleston County Sheriff's Office; Pamela M. Crawford, M.D., Department of Mental Health; Daniel T. Stacey, Attorney, Office of Appellate Defense; Claron A. Robertson, III, Attorney; John Doe(s), South Carolina Department of Corrections; Jane Doe(s); All Defendants sued individually and officially, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who was formerly a detainee at the Charleston County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendant Claron Robertson filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on June 9, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered



1

by the Court on June 10, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. Thereafter, the remaining Defendants also filed a Rule 12 Motion to Dismiss on June 30, 2011, following which a second Roseboro order was entered by the Court on July 5, 2011.

Plaintiff filed a memorandum in opposition to the Defendant Robertson's motion to dismiss on July 14, 2011, following which Robertson filed a reply memorandum on July 25, 2011. Plaintiff filed a response to the remaining Defendants' motion to dismiss as well as a reply memorandum on August 8, 2011, and another opposition memorandum on September 9, 2011. Defendants' motions are now before the Court for disposition.[1]

### Plaintiff's Allegations

Plaintiff alleges in his Complaint that he was held in the physical custody of the Charleston County Sheriff at the Charleston County Detention Center from April 11, 2003 until February 5, 2008, under orders issuing from the Ninth Circuit Court of Common Pleas. Plaintiff further alleges that the legal process and procedure used by the named Defendants to obtain these orders was "defective both constitutionally and statutorily under both state and federal law." Plaintiff alleges that the information submitted to the Court of Common Pleas by the Defendants, which culminated in the issuance of the custody orders, was deliberately false and presented with reckless disregard for the truth, was presented to the Court using a procedure that was

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



constitutionally defective, and denied Plaintiff due process of law.  Plaintiff further alleges that the legal process denied him effective assistance of counsel, and violated his constitutional right to privacy.  Plaintiff alleges that the Defendants "did continue Plaintiff's custody, demanding his cooperation with them and revealing constitutionally protected personal information, until such a time that Plaintiff acquiesced to those demands."

Specifically, Plaintiff alleges that on July 7, 2001, the Defendant Joan Warden (a paralegal in the Ninth Circuit Solicitor's Office) prepared and caused to be delivered a package entitled "Sexually Violent Predator Act Information" under the South Carolina Sexual Predator Act, S.C. Code Ann. § 44-48-10, et seq.  Plaintiff alleges that the information in this package was "deliberately falsified" because it falsely reported that a conviction under S.C. Code Ann. § 16-17-490 was a violation of Article 3, Chapter 15 of Title 16, and because the package contained agency records which should have been destroyed.  Plaintiff alleges that the package also contained a rap sheet which contained false information from the Solicitor's Office, causing Plaintiff to serve time for a 1993 Alford plea as a felony when his conviction was for a misdemeanor, a false police report which was used to obtain three felony warrants and two search warrants (Plaintiff alleges that the three felony warrants were nolle prossed at the time of his Alford plea), documents making it appear that Plaintiff had a prior conviction for a sex crime in 1981, and falsely reported Plaintiff as having pled guilty when he in fact he had entered an Alford plea.

Plaintiff alleges that the Defendant Robertson was his court appointed counsel, having been appointed on February 25, 2003, and served in that capacity until another attorney, Peters Wilbourne, was appointed to take his place in mid 2007.  Plaintiff alleges that Robertson did not



provide him with effective representation. Plaintiff alleges that Assistant Attorney General Deborah Shupe submitted pleadings in his case which contained false and misleading statements of fact and law, and that Assistant Attorney General John McIntosh prepared a probable cause petition under S.C. Code Ann. § 44-48-70 in a manner that deprived Plaintiff of his due process and equal protection rights in that it led the court to false conclusions of fact and circumstance. Plaintiff alleges that the Defendant Al Cannon, Sheriff of Charleston County, held him in custody despite the unconstitutionality of the process, during which he was denied access to legal books and materials needed to appeal for a reversal of his unlawful detention. Plaintiff alleges that the Defendant Palmela Crawford, a physician with the Department of Mental Health, submitted a report of a Psychological Evaluation on May 4, 2003 which falsely stated that Plaintiff had refused to participate in an evaluation when Plaintiff alleges he told Crawford that he refused to speak to her without the presence of his attorney. Plaintiff alleges that the Defendant Daniel Stacey, an attorney with the South Carolina Office of Appellate Defense, ignored Plaintiff's constitutional right to be released on bond by requesting many delays in the filing of Plaintiff's appeal, and otherwise improperly handled his appeal, and that the Defendant John and Jane Does did schedule Plaintiff's transportation to the Charleston County Judicial Center in such a manner as to prohibit an attorney/client conference prior to the sexually violent predator hearing.[2]

        Plaintiff seeks an order from this Court finding that he was falsely imprisoned in violation of his constitutional rights, and awarding monetary damages. See generally, Complaint.

---

[2] The remaining Defendant, Assistant Attorney General R. Westmoreland Clarkson, is not mentioned in the narrative of Plaintiff's Complaint, and no allegations against this Defendant have been asserted.



**Discussion**

When considering Defendants' Rule 12 motions to dismiss, the Court is required to accept the allegations in the Complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motions can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Defendants have asserted various grounds for why Plaintiff's Complaint is subject to a Rule 12 dismissal, and after careful review of the arguments presented, the undersigned is constrained to agree.

Under the South Carolina Sexually Violent Predators Act (SVPA); South Carolina Code Ann. §§ 44-48-60, et seq., an individual convicted of a sexually violent offense must be reviewed by a multi-disciplinary team prior to their release from confinement to determine if the individual is a violent sexual predator. See South Carolina Code Ann. § § 44-48-40, 44-48-50. The report of the multi-disciplinary team is then sent to a prosecutor's review committee for a determination of probable cause to support the allegation that the individual is a sexually violent predator, and if the prosecutor's review committee believes that probable cause exists, a petition is filed for a judicial determination of probable cause. See South Carolina Code Ann. § § 44-48-60, 44-48-70. Plaintiff's state court records[3] reflect that Plaintiff has convictions for committing a lewd act upon a child under the age of fourteen and for participating in the prostitution of a minor; see also

---

[3]In their motions, the Defendants ask the Court to take judicial notice of Plaintiff's state court records. Seidel v. Byron, 405 B.R. 277, 285 (N.D.Ill. 2009)[Considering court records on motion to dismiss]; LeClercq v. Lockformer Co., No.00-7164, 2002 WL 31269491 at * 2 (N.D.Ill. Oct. 9, 2002)[A court may consider on a Rule 12(b)(6) motion to dismiss "those matters of which the court may take judicial notice."] (quoting Gomez v. Ill. State Bd. of Ed., 811 F.2d 1030, 1039 (7th Cir. 1987)).



Michau v. Taylor, Civil Action No. 6:03-851;[4] and at the conclusion of Plaintiff's state court custody sentences, the South Carolina Attorney General petitioned the trial court seeking a determination that there was probable cause to hold Plaintiff under the SVPA. The trial court found probable cause to conclude that Plaintiff qualified as a sexually violent predator, and ordered that Plaintiff be detained pending an evaluation to determine if he should be classified as a sexually violent predator. See also Michau v. Charleston County, South Carolina, 434 F.3d 725 (4th Cir. 2006). The state court referred Plaintiff to the South Carolina Department of Mental Health for a psychological evaluation; however, Plaintiff did not submit to this evaluation until January 2008. Plaintiff was thereafter released from custody on February 13, 2008. See Complaint, p. 3.

The SVPA and its procedures have been upheld as a constitutionally valid exercise of the State's power to protect citizens from sexually violent predators. In Re: Luckabaugh, 568 S.E.2d 338 (S.C. 2002). Therefore, to the extent Plaintiff's Complaint is intended to allege generally that his incarceration under the SVPA was itself a violation of his constitutional rights, that claim is without merit.[5] Further, to the extent Plaintiff alleges that his detention under that Statute was unlawful because it was based on false and misleading reports and records, that claim has already been adjudicated by the state court. See Exhibit A to Defendants' Motion to Dismiss (Court Docket No. 30-2). While Plaintiff argues otherwise, Plaintiff's complaint is essentially an attempt to have this court sit in appellate review of the state court proceedings, as he is challenging the decision

---

[4] Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[5] Indeed, Plaintiff argues in his Response Memorandum of August 8, 2011 that he has not intended to even assert such a claim.

6



made by the state court judge on this claim. See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)["[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review"]; see also Hagerty v. Succession of Clement, 749 F.2d 217, 219-20 (5th Cir. 1984)[collecting cases]. A ruling in Plaintiff's favor in the instant case would require this Court to overrule (or otherwise find invalid) the order and rulings made by the state court on this issue, and under the Rooker-Feldman Doctrine,[6] this Court lacks jurisdiction to review the judicial decisions rendered in Plaintiff's state court action or to grant Plaintiff the relief he seeks.

Additionally, even if the instant Complaint is not construed as seeking a review and reversal of the state court judgment; see, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)[Confining Rooker-Feldman Doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision]; Davani v. Virginia Dep't. of Transportation, 434 F.3d 712 (4th Cir. 2006); the state court decision is nevertheless entitled to collateral estoppel, which "prevents a party from relitigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action." Stone v. Roadway Express, 627 S.E.2d 695, 698 (S.C. 2006). Further, as Plaintiff's claim that the information submitted to the state court

---

[6]The Rooker-Feldman Doctrine is named after two United State Supreme Court cases: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Rooker holds that federal district courts have no appellate jurisdiction over state courts, while Feldman holds that federal district courts may not exercise judgment over issues that are inextricably intertwined with a prior state court judgment. Further, while it is not clear whether Plaintiff pursued all appeals that could have been obtained through the state court system, the Rooker-Feldman Doctrine applies even if the state court litigation has not reached the state's highest court. See Worldwide Church of God v. McNair, 805 F.2d 888, 893, and n. 3-4 (9th Cir. 1986); see also 28 U.S.C. § 1738 [Federal Court must accord full faith and credit to state court judgment].



was deliberately false and misleading has already been heard and decided, Plaintiff's claim is also barred by the doctrine of res judicata. Nunnery v. Brantley Construction Co., Inc., 345 S.E.2d 740, 743 (S.C. 1986)[Applying res judicata to claims involving the same parties or their privies and the same subject matter].

With respect to Plaintiff's claim that his continued detention during the period of time he declined to be interviewed by the psychiatrist violated his constitutional rights, this claim is also without merit. Under the SVPA, a person is required to undergo an evaluation if probable cause is found that the person is a sexually violent predator. S.C. Code Ann. § 44-48-80(D). The purpose of this evaluation is to determine whether a potential predator can be safely released into society, and is mandated by the SVPA. This is not an invasion of privacy any more than is a competency evaluation ordered for an individual charged with a crime, and as it is not an adversarial proceeding, there is no requirement that Plaintiff be represented by an attorney during such an evaluation. Cf. United States v. Bondurant, 689 F.2d 1246, 1249 (5th Cir. 1982)[defendant has no right to have counsel present in examining room]; Hess v. Macaskill, No. 94-35446, 1995 WL 564744 at * 3 (9th Cir. Sept. 20, 1995)[No constitutional right to have counsel physically present in the room during the course of the examination]. Further, as Plaintiff's continued incarceration during this period of time was pursuant to a court order based on a finding of probable cause, Plaintiff has no claim for false imprisonment because his restraint was lawful. Caldwell v. K-Mart Corp., 410 S.E.2d 21, 23 (S.C. Ct. App. 1991), cert. denied (S.C. Jan. 7, 1992)[To establish a cause of action for false imprisonment, the Plaintiff's restraint must be unlawful]; Roberts v. City of Forrest Acres, 902 F.Supp. 662, 671 (D.S.C. 1995).

In any event, insofar as Plaintiff is suing the three Assistant Attorneys General based



on their alleged participation in his state prosecutions and/or SVPA proceedings, a prosecutor has absolute immunity from damages liability under § 1983 for prosecutorial activities which are intimately associated with the judicial phases of the process. Buckley v. Fitzsimmons, 509 U.S. 259, 272-273 (1993)[Prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity]; Imbler v. Pachtman, 424 U.S. 416, 430 (1976); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[Absolute immunity "is an immunity from suit rather than a mere defense to liability"]. Plaintiff makes no allegations against the Assistant Attorneys General named as Defendants that fall outside of the judicial process, and these Defendants are therefore all entitled to absolute immunity from a suit for damages based on their actions. Litmon v. Santa Clara County Superior Court, No. 05-3065, 2008 WL 2271601 (N.D.Cal. May 30, 3008)[Finding prosecutor entitled to absolute immunity where he was performing his role as an advocate of the court when he allegedly met with judge to issue an order transferring a civil detainee under SVPA from county jail to state hospital]; cf. Wise v. S.C., No. 10-1543, 2010 WL 3603619, at * 4 (D.S.C. July 27, 2010), aff'd 2010 WL 3603614 (D.S.C. Sept. 8, 2010).

The Defendant Warden, a paralegal with the Ninth Circuit Solicitor's Office, and Crawford, who was assigned to perform Plaintiff's mental evaluation, also enjoy a privilege from suit, and are therefore entitled to dismissal. Bauer v. Reidda, No. 10-1376, 2010 WL 2990036 at * 2 (N.D.Ill. July 26, 2010)[discussing collection of cases where court-appointed evaluators were found entitled to immunity because they act as "arms of the court."]; Keating v. Martin, 638 F.2d 1121, 1122 (8th Cir. 1980)[Assistants to prosecutors also enjoy immunity]. As for Plaintiff's defense counsel, including appellate counsel, an attorney, whether retained, court appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any

9



civil action brought under § 1983.  See Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980),(court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Therefore, the Defendants Robertson and Stacey are also entitled to dismissal as party Defendants from any claim being asserted under § 1983.[7]

With respect to Plaintiff's claim that the Defendant Sheriff Cannon denied him access to the courts while he was incarcerated in the Charleston County jail, Plaintiff must not only allege facts sufficient to show that he was denied access to the Courts, but that he suffered some actual injury or specific harm.  Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Hause v. Vaught, 993 F.2d 1079, 1084-1085 (4th Cir.

---

[7] In his response to the Defendant Robertson's motion to dismiss, Plaintiff argues that if he is barred from proceeding against his counsel under § 1983, he can nevertheless proceed under 42 U.S.C. § 1985, because Robertson and the other Defendants engaged in a "conspiracy" to deprive him of his constitutional rights.  See Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)[Setting forth criteria for maintaining a claim under §1985(3)]; Simmons v. Poe, 47 F.3d 1370, 1376-1377 (4th Cir. 1995)[Same].  However, Plaintiff has asserted the existence of a conspiracy in his Complaint in only the most general and conclusory manner, with no specifics.  Cf. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; see also Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)[To survive a motion to dismiss, Plaintiff's grounds for entitlement to relief must contain "more than labels and conclusions"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].  Additionally, the Supreme Court has held that in order to maintain a claim under §1985(3), a Plaintiff must show that the alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus."  Griffin, 403 U.S. at 102; see also Trerice v. Summons, 755 F.2d 1081, 1084 (4th Cir. 1985).  Plaintiff has failed to allege any facts to indicate any discriminatory motive on the part of the Defendants.  Therefore, even if liberally construed as a conspiracy action brought pursuant to § 1985(3), the instant case is still subject to summary dismissal. Cf. Johnson v. Flores, No. 05-1628, 2009 WL 606263, at * 6 (N.D.Cal. March 9, 2009).



1993). Plaintiff has failed to set forth any such allegations. Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989)[Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven would entitle the plaintiff to relief"]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]. Plaintiff certainly was aware of this requirement, as he has previously asserted this same claim in a prior federal court action, which was dismissed on this same ground. Michau, 434 F.3d at 728. See Aloe Creme Laboratories, Inc., 425 F.2d at 1296 ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. Therefore, Plaintiff's access to the courts claim against Cannon should be dismissed.[8]

Finally, Plaintiff appears to also assert some of his claims under "state law", although the context is not clear. In any event, to the extent Plaintiff seeks relief under state law, if the Court dismisses Plaintiff's federal claims from this lawsuit, Plaintiff's state law claims will be the only claims remaining, and where federal claims in a lawsuit originally filed in United States District Court are dismissed, leaving only state law causes of action, dismissal of the remaining state law claims(s) without prejudice is appropriate. This will allow Plaintiff to pursue and obtain a ruling as to the viability of his state law claims(s) in a more appropriate forum. See generally,

---

[8] Plaintiff's claim against the "John Doe" and "Jane Doe" Defendants, who have never been identified and therefore never served with process, is apparently that these unnamed correctional officers interfered with his right of access to counsel by failing to transport him for purposes of consultation. These accusations are again wholly conclusory, and in any event this claim fails under the same findings as apply to Plaintiff's claims against Cannon. Magee, 810 F.2d at 452; Johnson, 718 F.Supp. at 38.

11



United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)["Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"]; Carnegie-Mellon v. Cohill, 484 U.S. 343, 350, n. 7 (1988) ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims."].[9] Further, if the Plaintiff's state law claim(s) were to survive summary judgment, it would be much more appropriate for those claims to be tried by the state courts.

Dismissal of Plaintiff's state law claim(s) would also not prejudice the Plaintiff, as federal law provides for tolling of statutes of limitation for state claims during the period they were pending in federal court and for thirty days afterwards. See 28 U.S.C.A. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, et al., 204 F.3d 109, 123-124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]; Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."]. The parties could further seek a fast track for resolution of these claims at the state level. Rule 40(c), S.C.R.C.P.

### Conclusion

Based on the foregoing, it is recommended that the Defendants motions to dismiss this action be **granted**, and that all federal claims being asserted in this case be **dismissed,** with

---

[9]Plaintiff could, of course, maintain his state claim(s) in this court if there was diversity jurisdiction in this case. See 28 U.S.C. § 1332(a). However, all of the parties are alleged to be South Carolina residents. See Complaint Section II. Therefore, diversity jurisdiction is not available.



prejudice. It is further recommended that any remaining state law claims be dismissed, without prejudice, for the reasons stated. <u>Mills v. Leath</u>, 709 F.Supp. 671, 675-676 (D.S.C. 1988) [Noting that federal courts should generally decline to exercise pendant jurisdiction over remaining state law claims after dismissal of federal claims in a lawsuit].

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 14, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

