IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emory Alvin Michau, Jr. ) | Civil Action No.: 2:11-cv-0286-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Joan W. Warden, Paralegal, 9th Circuit ) | |
| Solicitor's Office; R. Westmoreland ) | |
| Clarkson, Asst. Attorney General, Office of ) | |
| the Attorney General; Deborah R.J. Shupe, ) | |
| Asst. Attorney General, Office of the ) | |
| Attorney General; John W. McIntosh, Asst. ) | |
| Attorney General, Office of the Attorney ) | |
| General; J. Al Cannon, Sheriff, Charleston ) | |
| County Sheriff's Office; Pamela M. ) | |
| Crawford, M.D., Department of Mental ) | |
| Health; Daniel T. Stacey, Attorney, Office ) | |
| of Appellate Defense; Claron A. Robertson, ) | |
| III, Attorney; John Doe(s), South Carolina ) | |
| Department of Corrections; Jane Doe(s); ) | |
| All Defendants sued individually and ) | |
| officially, ) | |
| Defendants. | |

Plaintiff Emory Alvin Michau, Jr. brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by the Defendants. Specifically Plaintiff alleges he was held at the Charleston County Detention Center pursuant to "defective" orders from the Ninth Circuit Court of Common Pleas; evidence submitted to the state court by the Defendants was "both deliberately false and presented with reckless disregard for the truth"; denial of due process of law; denial of access to the courts; denial of effective assistance of counsel; and violations of his constitutional right to privacy. (Dkt. No. 1 at 3-4).

1

## BACKGROUND

On June 9, 2011, Defendant Claron Robertson filed a motion to dismiss. (Dkt. No. 21). On June 30, 2011, the remaining Defendants filed a motion to dismiss. (Dkt. No. 30). Following the filings of both motions, *Roseboro* orders were entered by the Court and sent to the Plaintiff advising him of the importance of dispositive motions, the time constraints for filing an adequate response, and the dangers of failing to respond. (Dkt. Nos. 23 and 32).

On July 14, 2011, Plaintiff filed a memorandum in opposition to Defendant Robertson's motion to dismiss (Dkt. No. 34), to which Robertson filed a reply on July 25, 2011. (Dkt. No. 36). On August 8, 2011, Plaintiff filed a response to the remaining Defendants' motion to dismiss (Dkt. No. 39) and, on September 9, 2011, another opposition memorandum. (Dkt. No. 48).

In accordance with 28 U.S.C. § 636(b) and the Local Rules, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation that the Defendants' motions be granted and that all federal claims be dismissed with prejudice. (Dkt. No. 49). Plaintiff was advised by the Magistrate Judge of the procedures and requirement for filing objections to the Report and the serious consequences of failing to do so. Plaintiff has filed an objection to the R&R. (Dkt. No. 53). As explained herein, this Court has reviewed the Record *de novo*, agrees with the Report and Recommendation, and therefore dismisses the Plaintiff's complaint.

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The

Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff contends his incarceration under the South Carolina Violent Predators Act ("SVPA") was a violation of his constitutional rights. The SVPA requires review of the records of any person convicted of a sexually violent offense by a multidisciplinary team, generally prior to their release from confinement. *See* S.C. Code Ann. §§ 44-48-40, 44-48-50. If the multidisciplinary team determines the person satisfies the definition of a sexually violent predator, the "team must forward a report of the assessment to the prosecutor's review committee and notify the victim." S.C. Code Ann. § 44-48-50. If the prosecutor's review committee believes probable cause exists that the individual is a sexually violent predator, a petition is filed for a judicial determination of probable cause. *See* S.C. Code Ann. §§ 44-48-60, 44-48-70.

Plaintiff's state court records[1] show Plaintiff has convictions of committing a lewd act upon a child under the age of fourteen and participating in the prostitution of a minor. *See Michau v. Taylor*, 434 F.3d 725 (4th Cir. 2006).[2] As the service of the sentence for his charges was concluding, the South Carolina Attorney General petitioned the trial court seeking a

---

[1] Defendants ask the Court to take judicial notice of Plaintiff's state court records. *Seidel v. Byron*, 405 B.R. 277, 285 (N.D. Ill. 2009) (considering court records on motion to dismiss).

[2] *Aloe Crème Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (holding a district court may take notice of its own files and records).

3

determination that probable cause existed for civil commitment under the SVPA. *Id.* The trial court found probable cause, concluded the Plaintiff qualified as a sexually violent predator, and ordered Plaintiff be detained pending an evaluation to determine if he should be classified as a sexually violent predator. *Id.* Plaintiff was referred to the South Carolina Department of Mental Health for a psychological evaluation; however, Plaintiff did not agree to submit to the evaluation until January 2008. Following this evaluation, Plaintiff was released from custody on February 13, 2008. (Dkt. No. 30-1 at 2).

The South Carolina Supreme Court has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators. *In re: Luckabaugh*, 568 S.E.2d 338, 348 (S.C. 2002). Therefore Plaintiff's claims that his incarceration under the SVPA was a violation of his constitutional rights are without merit.[3]

In his objections, Plaintiff asserts that "no final conviction existed to trigger operation" of the SVPA because his conviction was under direct appeal at the time of his probable cause hearing. (Dkt. No. 53 at 2). Under S.C. Code Ann. § 44-48-30, "convicted of a sexually violent offense" is defined under the SVPA as, *inter alia*, "pled guilty to, pled nolo contendere to, or been convicted of a sexually violent offense. . . ." S.C. Code Ann. § 44-48-30. In an order denying Plaintiff's *Franks v. Delaware* motion, the state court found that Plaintiff was convicted of Participating in Prostitution of a Minor pursuant to S.C. Code § 16-15-425, which is a felony and "thus qualifies as a sexually violent offense under S.C. Code § 44-48-30(1)." (Dkt. No. 30-2 at 2). Plaintiff's avenue of appeal of this determination is in state court and not in this Court.

---

[3] In Plaintiff's objections, Plaintiff notes "[t]he Magistrate has found, in error, that 'Plaintiff argues in his Response Memorandum of August 8, 2011 that he has not intended to make such a claim.'" (Dkt. No. 53 at 9). Even if Plaintiff did intend to make such a claim, the constitutionality of the SVPA has been upheld under South Carolina law.

4

*Gibson v. South Carolina*, 2007 WL 4232725, No. 9:07-0710, at *5 (D.S.C. November 28, 2007).[4]

Plaintiff argues his incarceration under the SVPA was unlawful because it was based on false and misleading reports and records.[5] Plaintiff claims that there was no probable cause for his arrest and thus he has a valid claim for false imprisonment. (Dkt. No. 53 at 8). As the Magistrate Judge properly noted, Plaintiff's restraint was lawful and thus he has no claim for false imprisonment. (Dkt. No. 49 at 8). In Plaintiff's objection, he claims that the state court issued only a "context ruling" and appears to allege an ineffective assistance of counsel claim for his counsel's failure to preserve various issues for review. (Dkt. No. 53 at 9).[6] Plaintiff also appears to challenge his ability to appeal the order issued by Judge Young denying his motion to dismiss. (Dkt. No. 53 at 9).[7] Plaintiff is attempting to seek appellate review of a state court proceeding in federal court. Federal district courts have no appellate jurisdiction over state courts and they may not exercise judgment over issues that are inextricably intertwined with

---

[4] Plaintiff appears to further claim that the petition under the SVPA deprived him of due process because "a conviction was not final until such time as his direct appeals were reviewed by appellate courts, the ineligible petition was nonetheless submitted to the court" (Dkt. No. 1 at 5) and this created a jurisdictional issue in the state court (Dkt. No. 53 at 4-5). Plaintiff further claims that the "sentence was stayed until the direct appeal was final." (Dkt. No. 53 at 5). Plaintiff's argument that his conviction could not stand as a basis for the SVPA petition is not reviewable by this Court for the reasons discussed herein.

[5] Plaintiff "makes a motion to strike the Magistrates inclusion into his Report of the crime *of committing a lewd act on a child under the age of fourteen.*" (Dkt. No. 53 at 3). As the Magistrate Judge notes, the Court can take judicial notice of its own records. Further, Plaintiff asks the Court to clarify that in actuality only two as opposed to three felony warrants were nol prossed and that the Grand Jury refused to indict on the third charge. (Dkt. No. 53 at 3). Although the Court does not have jurisdiction to review the decision of the state court on Plaintiff's *Franks v. Delaware* motion, the Court would note that the state court found that "the other allegations of other bad conduct were not alleged in the petition to qualify as a sexually violent offense, rather the allegations are offered to show that the [Plaintiff's] mental abnormality or personality disorder is of such a nature that it shows propensity to engage in acts of sexual violence if [Plaintiff] is not confined in a secure facility for long-term control, care and treatment. Therefore, the acts as alleged were not false and misleading, and the Respondent's motion based upon this ground must be dismissed." (Dkt. No. 30-2 at 2). Plaintiff would need to contest this finding in state court.

[6] Plaintiff provides no detail regarding his ineffective assistance of counsel claim.

[7] As the Magistrate Judge notes, it is unclear whether Plaintiff pursued all appeals that could have been obtained through the state court system. However, the *Rooker-Feldman* Doctrine applies even if the state court litigation has not reached the state's highest court. (Dkt. No. 49 at 7).

5

prior state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Plaintiff's claim of incarceration based on false reports and records is additionally barred by collateral estoppel and res judicata. *Jinks v. Richland County*, 585 S.E.2d 281, 285 (S.C. 2003) ("Collateral estoppel prevents a party from relitigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action."); *Nunnery v. Brantley Const. Co., Inc.*, 345 S.E.2d 740, 743 (S.C. 1986) (applying res judicata to claims involving the same parties or their privies and the same subject matter).[8]

Plaintiff claims his continued detention during the time he refused to be interviewed by a psychiatrist pursuant to SVPA requirements violated his constitutional right to privacy.[9] The purpose of the required evaluation is to determine whether a potential sexually violent predator can be safely released. As the Magistrate Judge noted, "This is not an invasion of privacy any more than is a competency evaluation ordered for an individual charged with a crime, and as it is not an adversarial proceeding, there is no requirement that Plaintiff be represented by an attorney during such an evaluation." (Dkt. No. 49 at 8). *See United States v. Bondurant*, 689 F.2d 1246,

---

[8] Plaintiff appears to claim that the issue of jurisdiction has not been litigated in state court and as such, collateral estoppel and res judicata cannot be applied. (Dkt. No. 53 at 10). While it is difficult to determine exactly what the Plaintiff means by jurisdiction, it appears that Plaintiff is arguing that because the appeal on his underlying conviction was not final, the state court did not have jurisdiction to find probable cause for civil commitment under the SVPA. As discussed previously, this Court is unable to hear such matters, as the appropriate vehicle for an appeal of these issues is through state court.

[9] Plaintiff appears to take issue with the Magistrate Judge's characterization of the psychiatric evaluation, claiming that he "physically submitted" to the evaluation. (Dkt. No. 53 at 5). Plaintiff also takes issue with the Magistrate Judge's statement that "a person is required to undergo an evaluation" (Dkt. No. 49 at 8) where the statute reads that upon a determination of probable cause, "[t]he court must further direct that the person be transported to an appropriate facility of the South Carolina Department of Mental Health for an evaluation as to whether the person is a sexually violent predator." S.C. Code Ann. § 44-48-80(D). The Court notes that the Magistrate Judge's reading of the statute is not inaccurate. To the extent that Plaintiff takes issue with the state court's holding of him for failure to submit to the evaluation, that was an issue to be addressed by the state court and is not appropriate for review here.

1249 (5th Cir. 1982); *Hess v. Macaskill*, No. 94-35446, 1995 WL 564744, at *3 (9th Cir. Sept. 20, 1995).[10]

Plaintiff objects to this conclusion and cites *Estelle v. Smith*, 451 U.S. 454 (1981), a habeas corpus case regarding a capital sentencing proceeding, where the interview of the doctor who was to testify at the penalty phase of the trial "proved to be a 'critical stage' of the aggregate proceedings against [the defendant]." 451 U.S. at 455. *Estelle* is distinguishable because that stage of the proceedings was considered adversarial. *Id.* at 470-471. Further, the Court noted "[defendant] does not assert, and the Court of Appeals did not find, any constitutional right to have counsel actually present during the examination." *Id.* at 471 n. 14. Plaintiff claims that "without citation, the Magistrate has found no right of privacy exists in the context of such evaluation." (Dkt. No. 53 at 6). The South Carolina Supreme Court has held that the Sixth Amendment is not implicated in proceedings related to the SVPA, as the proceedings are not criminal in nature. *In re McCracken*, 346 S.C. 87, 96 (S.C. 2001).[11]

Plaintiff names three Assistant Attorneys General in his complaint for their prosecution of Plaintiff in state court and/or SVPA proceedings. However, it is well established that prosecutors have absolute immunity from damages liability under § 1983 for activities in or connected with judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 489-90 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). As Plaintiff has made no allegations against the Assistant Attorneys General

---

[10] Plaintiff objects to the Magistrate Judge's use of *Bondurant* and *Hess* as authority because they were criminal proceedings. (Dkt. No. 53 at 6-7). The Court agrees with the Magistrate Judge's analogy of the use of psychological evaluations in criminal proceedings to the instant case and finds that the use of these cases was appropriate.

[11] Plaintiff asserts the following in his objections: "Neither the Plaintiff, nor his lawyer, was given notice of the scheduled evaluation. The lawyer so stated to Plaintiff, and further stated that he had wanted to be there for the evaluation. Plaintiff was refused his request to call his lawyer before the trip to Columbia for the evaluation. . . " (Dkt. No. 53 at 7). Ultimately, Plaintiff does not describe activity that rises to the level of a Sixth Amendment violation.

7

regarding activity that falls outside of the judicial process, each Defendant is entitled to absolute immunity from a suit for damages based on their actions.

The same immunity from suit also applies to Defendant Warden, a paralegal with the Ninth Circuit Solicitor's Office, and Defendant Crawford, a physician with the South Carolina Department of Mental Health. *See Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980) ("Prosecutors and their assistants also enjoy immunity from section 1983 actions so long as the actions complained of appear to be within the scope of prosecutorial duties."); *Bauer v. Reidda*, No. 10 C 1376, 2010 WL 2990036, at *2 (N.D. Ill. July 26, 2010) ("It is well-established that court-appointed psychological evaluators are 'protected by the same immunity extended to judges and other judicial officers.'").

Plaintiff cites *McCray v. State of Md.*, 456 F.2d 1 (4th Cir. 1972), arguing that the Magistrate Judge "has found, essentially, that anyone employed at the prosecutor's office would have absolute judicial immunity." (Dkt. No. 53 at 11). *McCray* involved a clerk of court and his actions were classified as ministerial as opposed to quasi-judicial. 456 F.2d at 4.[12] Further, Plaintiff does not point to specific activity that would not be covered by immunity, but claims that the Defendants' actions did not constitute prosecutions. (Dkt. No. 53 at 12). The Court finds this argument unavailing as prosecutors have "absolute immunity for their prosecution-related activities in or connected with judicial proceedings." *See Wise v. South Carolina*, No.10-1543, 2010 WL 3603619, at *4 (D.S.C. July 27, 2010), *aff'd*, 2010 WL 3603614 (D.S.C. Sept. 8, 2010).

---

[12] The Court notes that this District has protected the clerk of court by the doctrine of quasi judicial immunity in the performance of "official duties." *See Sykes v. Huggins*, 2009 WL 250103, No. 08-3937, at *3 (D.S.C. January 29, 2009).

Plaintiff also includes his defense counsels in his suit. Attorneys who are privately retained, court appointed, or public defenders do not act under the color of state law and therefore fail to fall under the purview of a § 1983 civil action. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (regarding public defenders); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (regarding court-appointed attorneys); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

Plaintiff appears to reassert his argument in his objections that Robertson and the other Defendants conspired to deprive him of his constitutional rights. Plaintiff claims "details of conspiratorial activity could only be more specific after the allowance of discovery." (Dkt. No. 53 at 13). As the Magistrate Judge has thoroughly addressed (Dkt. No. 49 at 10 n.7), Plaintiff provides no specifics of such allegations and as such, these claims must be dismissed.

Regarding his claim that Defendant Sheriff Cannon denied Plaintiff access to the courts, Plaintiff fails to allege he suffered an actual injury or specific harm as required. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). As the Magistrate Judge noted, Plaintiff is clearly aware of these requirements as he has previously asserted this same claim in a prior federal court action that was dismissed on the same failure to allege actual injury or specific harm grounds. *See Michau*, 434 F.3d at 728. In his objections, Plaintiff claims that the dismissal of his prior federal court action and his inability "to get the direct appeal of his 2001 conviction" were due to his inability to use the law library, which he further claims was only available to federal prisoners. (Dkt. No. 53 at 14). Plaintiff claims that prior to his evaluation, he "was threatened with a physical response by the sheriff's captain if he did not comply with being shackled and did not follow orders." (Dkt. No. 53 at 7). Plaintiff still fails to allege an actual injury or specific harm in his arguments as required in the standard set forth in *Magee*. 810 F.2d at 452.

Further, in his Complaint, Plaintiff asserted: "John Doe, South Carolina Department of Corrections did schedule transportation from Plaintiff's remote prison to Charleston County Judicial Complex in such a manner as to prohibit an attorney client conference prior to the Sexually Violent Predator hearing. This lack of time made realistic representation impossible and denied Plaintiff due process and equal protection of the laws." (Dkt. No. 1 at 6). In his objections, Plaintiff expresses confusion over why the Magistrate Judge grouped this claim with Plaintiff's claims against Defendant Sheriff Cannon. Much like his access to courts claim, the Plaintiff's claims against the "John Doe" and "Jane Doe" Defendants fail because, *inter alia*, they do not allege any actual injury or specific harm.

Plaintiff asserts that the Magistrate Judge has ignored the distinction between criminal and civil law, but fails to point out any specific errors that harm him. (Dkt. No. 53 at 13). Plaintiff further asserts that a forum in state court does not exist because "the State has legislated immunity to all involved in the operation of the 'Act'"[13] and asks the Court that he be permitted to further amend his pleadings to avoid dismissal. (Dkt. No. 53 at 14-15). As the Magistrate Judge stated, upon dismissal of the federal claims in this lawsuit, to the extent any state law claims remain, Plaintiff is free to pursue such claims in state court.

## CONCLUSION

Based on the above authority, the Court adopts the Magistrate's Report and Recommendation. Defendants' motions to dismiss in this action are **GRANTED** (Dkt. Nos. 21 and 30) and all federal claims are dismissed, with prejudice. Any remaining state law claims are dismissed, without prejudice.

---

[13] The Court has addressed Plaintiff's claims regarding immunity above.

**AND IT IS SO ORDERED.**

───────────────────────
Richard Mark Gergel
United States District Court Judge

October /4, 2011
Charleston, South Carolina